(86 South. 401)

No. 22780.

### AGURS et al. v. HUNSICKER.

(June 30, 1920. Rehearing Denied Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

Real actions ☞7(2)—Petitory action; plaintiff must win or lose in petitory action upon strength of own title.

The plaintiff in a petitory action must win or lose upon the strength of his own title; and, if it be shown that the state did not own the land when it patented it, such failure in the chain of title would affect the plaintiff first, and plaintiff cannot recover where the title of the defendant is the most ancient.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Mrs. M. Agurs and others against Henry Hunsicker, who answered and called in warranty Mrs. M. C. Allen and others. From a judgment in favor of the defendant, the plaintiffs and one of the warrantors appeal. Judgment reversed, and decreed that appellants have judgment.

Foster, Looney & Wilkinson and Barret & Files, all of Shreveport, for appellants.

---

[1] Ante, p. 936.

Thigpen & Herold, of Shreveport, for appellee.

DAWKINS, J. Plaintiffs instituted this suit as an action in jactitation or slander of title, covering lots 14, 15, 16, 17, 18, and 19 of Smith's Cross bayou subdivision, or the S. W. ¼ of section 25 (according to record and proof should be S. W. ¼ of N. W. ¼), township 18 north, range 14 west, of Caddo parish. They alleged possession, praying for appropriate judgment quieting their title, and for damages in the sum of $300.

Defendant answered, claiming the ownership in fee simple of fractional E. ½ of S. W. ¼ of N. W. ¼ or lot 11, in section 25, township 18 north, range 14 west, containing 19.32 acres, thus converting the case into a petitory action, with the defendant as plaintiff therein, in so far as the property claimed by defendant is concerned. No rights were asserted to any other property.

Thereupon plaintiffs in the jactitation suit, defendants in the petitory action, filed an answer and call in warranty, setting forth their chain of title to the property in dispute, running back to the state of Louisiana under an alleged certificate of entry in the name of W. W. Smith, dated February 10, 1853. They further alleged that they and their ancestors in title had been in the actual physical possession of said property, and had paid the taxes thereon for more than 50 years. They called in warranty Mrs. M. C. Allen, as the universal legatee of Mrs. Annie V. Perrin, and Leon R. and Dr. M. F. Smith, as the successors in interest of plaintiff's immediate vendors, the said Mrs. A. V. Perrin and R. W. Smith, and prayed that their title be declared valid, and, in event of eviction, that they have judgment against said warrantors for the value of the property in the sum of $1,000.

The warrantor, Mrs. M. C. Allen, answered, admitting substantially the averments of Mrs. W. C. Agurs et al., and pleading pre-

scription of 1, 3, and 5 years, in bar of the demands in warranty. In an amended answer, Mrs. Allen further averred that she had acquired the land in question by mesne conveyance from the state of Louisiana; that Henry Hunsicker, plaintiff in the petitory action, had obtained patent to fractional E. ¼ of S. W. ¼ of N. W. ¼ of section 25, township 18 north, range 14 west, from the state, on June 25, 1908, but the same was improvidently and erroneously issued, for the reason that the state did not, at the time, own said property. She prayed that the demands of Hunsicker be rejected and the said patent annulled.

The warrantors, Leon R. and M. F. Smith, first pleaded the exception of no cause of action to the call in warranty. Further answering, they averred that plaintiffs, Mrs. W. C. Agurs et al., acquired lots 14, 15, 16, 18, and 19 of Smith's Cross bayou subdivision in the W. ½ of section 25, township 18 north, range 14 west, by mesne conveyance from the state, but that lot 17 of said subdivision came through another chain of title. They then set out at length the two chains of title referred to. They further alleged that defendants in the petitory action acquired an undivided one-fourth interest in the property in contest by quitclaim deed, without warranty, and that in no event should these warrantors be held liable for more than the undivided three-fourths in case of eviction; that W. W. Smith, their ancestor, acquired from the state of Louisiana the W. ½ of N. W. ¼ and lots 3 and 4, and N. E. ¼ of N. W. ¼ of section 25, township 18 north, range 14 west, containing 153.90 acres, which said entry bore number 205, and was dated February 10, 1853, and was subsequently covered by patent from the state No. 698; that the United States had said section surveyed on March 19, 1839, and that said survey showed it to contain 383.50; that the United States parted with its title to the state, on July 31, 1839, and that the

said section was approved to the state as seminary lands on June 24, 1840, after the survey of March 19, 1839; that the pretended survey of the United States of October 31, 1871, was without legal force or effect, and to hold the same legal at this time would be to deprive warrantors and their vendees of their property without due process of law, and would divest vested rights under the survey of March 19, 1839, in violation of the provisions of federal and state Constitutions. They further alleged, in the alternative, that if the state did not own the said lot 11 because of the insufficiency of the survey of March 19, 1839, but that it only became vested with title under the survey of 1871, then and in that event the subsequent acquisition by the state inured to the benefit of the said W. W. Smith and his vendees, under the principle of law that when one sells property which he does not own the subsequent acquisition thereof perfects the title of and inures to the benefit of his vendees. They prayed that the demands of Hunsicker and of the plaintiffs in the call in warranty be rejected, and, in the alternative, that they be held liable for an undivided three-fourths only of the said lot 11, consisting of 19.32 acres.

There was judgment in favor of Hunsicker, plaintiff in the petitory action, decreeing him the owner of the fractional E. ½ of S. W. ¼ of N. W. ¼, or lot 11 of section 25, township 18 north, range 14 west, and dismissing the calls in warranty as in case of nonsuit.

The plaintiffs, Mrs. M. D. Agurs et al., and the warrantor, Mrs. M. C. Allen, have appealed.

### Opinion.

The only question before us, therefore, is as to the validity of Hunsicker's title to the 19.32 acres in lot 11 or fractional E. ½ of S. W. ¼ of N. W. ¼ of section 25, township 18 north, range 14 west.

In his written opinion, the lower court held

that, although the title to the property in dispute had never passed out of the United States government, inasmuch as defendants (in the petitory action) had asserted title thereto from the state, instead of merely claiming possession, they could not question the title of the common author (the state), and therefore the plaintiff in the petitory action should recover. It is not so stated in either of the two written opinions which appear in the record (one on the first hearing and the other on the motion for a new trial), but we take it that the defect which the court found in defendants' (Mrs. Agurs et al.) title was that, inasmuch as the meander line of a certain lake or water course forming the western boundary of the land in the S. W. ¼ of N. W. ¼ of section 25, as shown on the plat or map made in 1839, was not actually surveyed, no title passed to the state under the seminary grant of 1852 to the land in question, and hence the state had none to convey to W. W. Smith, the original purchaser from the state and under whom defendants claim. However, this seems to us to lose sight of the fact that Hunsicker is the plaintiff in the petitory action, and must win or lose upon the strength of his own title, and, in addition, permits him, notwithstanding this fact, to question the title of the state under which he likewise claims, while denying that right to his adversaries, the defendants. In other words, if defendants cannot question the title of the state, it would seem logically to follow that plaintiff cannot; but, if that barrier is to be broken down at all, the alleged nullities in the state's title would affect first the plaintiff upon whom the burden rests of making out his title, not only as to defendants, but as to all others. If this right is not to be permitted to either, then, for the purposes of this case, we must hold that the state was the owner, when it sold to W. W. Smith, on February 10, 1853, the W. ½ of N. W. ¼ of said section, and hence it had nothing left

in the S. W. ¼ of N. W. ¼ thereof to convey to Hunsicker in 1908. Both sides in this case attack the resurvey of 1871, and assert that the action of the surveyor in arbitrarily running a diagonal line so as to connect the two points where the original survey stopped, instead of meandering the water course, was unwarranted in law; and, if this be true, the situation with reference to a legal and fixed boundary was no better when plaintiff acquired than when defendants' ancestor in title purchased. Therefore plaintiff's title is no stronger than that of defendants, that of the latter is the most ancient, and plaintiff cannot recover. Garland's Code of Practice (4th Ed.) art. 44, and authorities cited thereunder.

Holding these views, we deem it unnecessary to discuss the other issues.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the defendants in the petitory action have judgment in their favor rejecting the demands of the plaintiff, Henry Hunsicker, decreeing them to be the owners and entitled to the possession of the E. ½ of S. W. ¼ of N. W. ¼ or lot 11 of section 25, township 18 north, range 14 west, and that plaintiff pay all costs.